# ORIGINAL

FILED

JAN 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JORGE MARTINEZ-SANCHEZ,           )
               Petitioner,           ) Cr. No.  07-1109GT
                          ) Cv. No.  07-2362GT
               v.           )
                          ) **ORDER**
UNITED STATES OF AMERICA           )
               Respondent.           )

On December 7, 2007, Petitioner, Jorge Martinez-Sanchez ("Mr. Martinez"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Martinez requests a two level downward departure based on his status as a deportable alien, which Mr. Martinez asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Martinez's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Martinez's Motion to Modify Sentence is **DENIED**.

//

1   First, Mr. Martinez pled guilty, pursuant to a written plea agreement, to two counts of illegal

2   entry by an alien, in violation of 8 U.S.C. § 1325.  In the written plea agreement, Mr. Martinez

3   explicitly waived his right to appeal and/or collaterally attack his conviction or sentence.  The

4   Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable.  *See,*

5   United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997).

6   Since  Mr.  Martinez expressly waived his statutory right to appeal or collaterally attack his

7   sentence in his plea agreement, Mr. Martinez  is now precluded from challenging that sentence

8   pursuant to 28 U.S.C. § 2255.  *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)

9   (holding that a knowing and voluntary waiver of a statutory right is enforceable).

10   Moreover, even if Mr. Martinez had not expressly waived his right to appeal or

11   collaterally attack his sentence, his petition would still fail.  In essence, Mr. Martinez  argues

12   that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and

13   minimum security confinement."  Mr. Martinez argues that the Court should grant him a two

14   level downward departure because of his status.  However, Mr. Martinez's argument that the

15   Court should depart downward because he is a deportable alien is precluded by statute and

16   current Ninth Circuit case law.  By statute, the Court may depart downward only if there are

17   "aggravating or mitigating circumstances . . . not adequately taken into consideration by the

18   Sentencing Commission." 18 U.S.C. § 3553(b).     Specifically, the Ninth Circuit has held that

19   the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing

20   purposes.  United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]  Accordingly,

21   //

22   //

23   //

24

25

26   [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Mr. Martinez,
27   was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as
     a deportable alien he is not eligible to spend the last six months of his sentence in a half way
28   house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
     Cir. 1996).

07CR1109

1    **IT IS ORDERED** that Mr. Martinez's Motion to Modify Sentence is **DENIED.**

2    **IT IS SO ORDERED.**

3

4

5    *1- 25- 08*
     _____
6    date

GORDON THOMPSON, JR.
United States District Judge

7    cc:  AUSA Bruce Castetter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR1109